PET. & SUM.          **Lail, &c. *vs* Coram & Co.**

ERROR TO THE HARRISON CIRCUIT.

*Case* 112.      *Petition and Summons.    Bills of Exchange.*

*May* 11.    JUDGE MARSHALL delivered the opinion of the Court.

The case stated.

THIS is a petition and summons, upon a bill of exchange, under the act of 1837, (3 *Stat. Law,* 491.) Coram & Co. the plaintiffs, state (in the petition,) that they are the holders of a bill of exchange on the defendants, Charles Lail, as drawer, and William A. Withers, as acceptor, in substance as follows, and then set forth the bill, *ver batim*, with the signature of Charles Lail, and the address to Wm. A. Withers, but do not set forth any

acceptance; and a judgment having been rendered against the defendants, the sole question presented upon their writ of error for its reversal is, whether the petition is substantially defective, by reason of the omission to set forth an acceptance by Withers.

It is contended that the introductory statement in which the defendant, Withers, is called "acceptor," is a sufficient averment of the fact that he did accept the bill afterwards set forth; and that the insertion of the acceptance, though expressly required by the statute,'is but matter of form, or mere evidence of the fact already averred. But it is obvious, upon inspection of the statute of 1837, and of the original statute creating the remedy by petition, that the Legislature intended, in giving the form of the petition, to require that the plaintiff, instead of averring the substance of the defendant's contract, and of his own title to it, as might be done in other cases, should evince the liability of the defendant and his own right to sue upon that liability, by actually setting forth the written evidence of the contract, and of any assignment thereof. The office of the introductory statement is to show the character in which the plaintiff sues, and in which the defendant is sued. And it is the proper office of the body of the petition to show, as far as the prescribed form will allow, the facts on which the character and liability of the parties, as intimated in the introductory statement may depend. If these facts are intrinsic and not connected with the contract, such as the death of a party, and the grant of administration or *probate*, or the association of several persons under the name of a firm, as the form of the petition allows of no distinct averment of these facts, the mere descriptive statement in the introduction is properly held to be a sufficient averment; for if it were not so, a large class of cases would be excluded from the benefit of this remedy, without any substantial reason. But with regard to the contract itself, or the assignment of it, the case is entirely different. It is the essential characteristic of this remedy, as it was undoubtedly an essential object of its institution, that the contract itself, on which the defendant is to be made liable, and any transfer of it under which the plaintiff

In suit by Pet. & Sum. *vs* drawer and acceptor of a bill of exchange, under the statute of 1837, it is necessary to set out the acceptance in the petition.

claims title, should appear fully on the face of the peti-
tion.   And although some liberality may have been ex-
ercised by the Court in determining whether the variance
of a letter or a word, immaterial in itself, would vitiate
the petition, we know of no case, and presume there is
none, in which the entire omission to set forth, in terms,
the contract on which the defendant, or one of two de-
fendants, is sought to be made liable, has not been held
to be a fatal defect. It may be that where the demand, as
sought to be enforced by petition and summons, might be
enforced in an action of debt or other action, in the same
manner, that is, by and against the same parties, as it is
attempted to be enforced by this remedy, the principles
governing such other action, or the general principles of
pleading, might be resorted to for sustaining a judgment
by default upon the petition. But here two defendants
are sued jointly, by petition, and in virtue of the statute
creating and regulating that remedy, who could not be
joined in any other form of action. The plaintiffs can
only sustain their joint judgment under the provisions of
this statute, giving a special remedy. They can derive
no aid from the common law in support of a joint action
and judgment against the drawer and acceptor of a bill of
exchange. Their remedy, depending exclusively upon the
statute, must conform to it in substance at least; and
that the setting forth of the acceptance, which is the only
contract of the defendant, Withers, and the sole ground
of liability, is a substantial requisition of the statute, and
a most essential part of the statutory remedy, we do not,
for reasons already referred to, entertain a doubt.   But
even in action of assumpsit or debt, would the introduc-
tory statement that A B, holder of a bill of exchange,
complains of C D, as accepter, be a sufficient averment
of acceptance, even though the bill itself should be copi-
ed? We suppose it would not.

There is no analogy between the omission to insert the
acceptance and the omission in a petition on an assigned
note, to insert, after setting out the note and assignment,
the words "whereby the plaintiff has become the pro-
prietor thereof," which words are nothing more than the
legal inference from the facts previously appearing.   They

are mere form and no part of the substance of the petition. The analogy would be more striking in a case where the plaintiff, styling himself assignee of (the obligee,) in the introductory statement, should set out a note payable to the obligee named, but omit wholly to insert the assignment itself. In such a case his right and character as assignee, though assumed in the commencement, would not be demonstrated by the body of the petition, as required by the statute. So in this case the character and liability of the defendant, Withers, as acceptor, though assumed in the commencement of the petition, is not subsequently demonstrated.

The omission in the present case to insert or even to state the contract of the defendant, Withers, is, in our opinion, a fatal defect in the petition, entirely unaided by the statute of Jeofails.

Wherefore, the judgment is reversed and the cause is remanded, with leave to amend the petition.

*Trimble* for plaintiffs: *Morehead & Reed* for defendants.